# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CLARENCE BLAKELY, and<br>JERMAINE CLAYTON,<br>　　Plaintiffs,<br><br>v.<br><br>TKB SWEEPING SERVICES, LLC,<br>　　Defendant. | Civil Action No.<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiffs Clarence Blakely and Jermaine Clayton, by and through undersigned counsel, and hereby files this COMPLAINT AND JURY DEMAND against Defendant TKB Sweeping Services, LLC (hereinafter "TKB") and shows the Court as follows:

1.　Mr. Blakely and Mr. Clayton bring this action against the Defendant for unpaid wages pursuant to Georgia Law, minimum wage violations, overtime compensation, liquidated damages, attorney's fees, interest, and any other relief authorized under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA") for losses they suffered as a result of Defendant's unlawful actions.

1

## JURISDICTION AND VENUE

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon the District Court "of all civil actions arising under the constitution, laws, or treaties of the United States." This action arises by way of the Fair Labor Standards Act, a federal statute. Jurisdiction is also appropriate pursuant to 29 U.S.C. § 216(b). Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear Plaintiff's state breach of contract claim for unpaid wages.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) because the Defendant is subject to personal jurisdiction in this judicial district by way of its principal office located at P.O. Box 29 Kennesaw GA 30156, Cobb County.

## PARTIES

4. Plaintiff Clarence Blakely is a resident of Jonesboro, Georgia. Jonesboro is located in Clayton County. Mr. Blakely was employed by the Defendant from October 5, 2010 to December 15, 2010.

5. Plaintiff Jermaine Clayton is a resident of Lithia Springs, Georgia. Lithia Springs is located in Douglas County. Mr. Clayton was employed by the Defendant from August 11, 2010 to December 15, 2010.

6. Defendant TKB is a Limited Liability Company registered in Georgia that cleans parking lots and sidewalks for businesses. The principal office address is

located at P.O. Box Kennesaw, Georgia 30156.  The Defendant may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure by service on Registered Agent Darrell Hosten by mailing the complaint and summons to 3000 George Busbee Rd, Kennesaw, Georgia 30144 in Cobb County.

7. TKB is an employer as defined by 29 U.S.C. § 201 *et seq*.

## STATEMENT OF FACTS

8. Mr. Blakely and Mr. Clayton began working for the Defendant in October and August, of 2010 respectfully.

9. Mr. Blakely and Mr. Clayton were responsible for cleaning the designated parking lots for TKB.

10. Mr. Blakely and Mr. Clayton were paid hourly by TKB.

11. Mr. Clayton's starting hourly pay was $9.28 on September 19, 2010 his hourly pay was raised to $11.42 and on December 12, 2010 his hourly pay was raised to $11.43.

12. Mr. Blakely's hourly pay was and remained $10.00 during his employment with TKB.

13. During the course of their employment with TKB Mr. Blakely and Mr. Clayton were required to work over 40 hours a week, however they were never paid overtime, nor were they even paid for the actual hours worked.

14. Mr. Blakely and Mr. Clayton's employment ceased when they were fired on December 15, 2010.

## COUNT 1
## VIOLATION OF FLSA OVERTIME PROVISION
## 29 U.S.C. § 201 *et seq.*

15. Plaintiffs adopt and incorporate by reference paragraphs one through fourteen of this complaint as if said paragraphs were set forth fully herein.

16. The Plaintiffs were employed by a company that is engaged in commerce and meets the definition of employer under the FLSA.

17. By virtue of Defendant's failure and refusal to pay overtime compensation, the FLSA was violated and Mr. Blakely and Mr. Clayton were deprived of compensation for his work in excess of forty hours per week at a rate of one and a half times his regular rate.

18. The Defendant knew that failure to pay overtime for hours worked in excess of forty hours a week at a rate of one and a half times the regular rate of pay was prohibited under the FLSA.

19. Accordingly the Plaintiffs are entitled to recovery lost wages for their entire employment, liquidated damages and attorney's fees.

## COUNT 2
## VIOLATION OF FLSA MINIMUM WAGE PROVISION
## 29 U.S.C. § 201 *et seq.*

20.     Plaintiffs adopt and incorporate by reference paragraphs one through fourteen of this complaint as if said paragraphs were set forth fully herein.

21.     The Plaintiffs were employed by a company that is engaged in commerce and meets the definition of employer under the FLSA.

22.     The Defendant failed to pay the Plaintiffs minimum wage, as required by law.

23.     The Defendant knew that failure to pay minimum wage for hours worked was prohibited under the FLSA.

24.     Accordingly the Plaintiffs are entitled to recover the difference between minimum wage and the actual wages paid for their entire employment, liquidated damages and attorney's fees.

## COUNT III
## BREACH OF CONTRACT – FAILURE TO PAY WAGES EARNED

25.     Plaintiffs adopt and incorporate by reference paragraphs one through fourteen of this complaint as if said paragraphs were set forth fully herein.

26.     Plaintiffs' were employed by the Defendant on an hourly basis, whereby Plaintiffs would receive payment at a set rate for every hour worked.

27. However, the Defendant failed to properly pay Plaintiffs for all hours worked during their employment.

28. Accordingly, the Plaintiffs are entitled to recover all unpaged wages during their employment with the Defendant.

29. The conduct of the Defendant constitutes those aggravating circumstances that entitle Mr. Blakely and Mr. Clayton to recover punitive damage pursuant to O.C.G.A. § 51-21-5.1.

30. The actions of the Defendant constitute and evidence bad faith conduct in the series of events giving rise to the cause of action, which entitled the Plaintiffs to recover all expenses of litigation including reasonable attorney's fees, as provided by O.C.G.A. § 13-6-11.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against the Defendant and the following relief:

    a. That the Plaintiffs be awarded payment of all overtime hours at one and half times the regular rate of pay for hours worked, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

    b. That the Plaintiffs be awarded liquidated damages equal to the amount of the unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

c. That the Plaintiffs be awarded the difference between their payrate, and minimum wage, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

d. That the Plaintiffs be awarded liquidated damages equal to the amount of the unpaid minimum wages, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

e. That the Plaintiffs be awarded all unpaid wages;

f. That the Plaintiffs be awarded punitive damages against Defendant, pursuant to O.C.G.A. § 51-21-5.1;

g. That the Plaintiffs be awarded reasonable attorney's fees and costs, pursuant to the Fair Labor Standards act 29 U.S.C. § 216(b) and O.C.G.A. § 13-6-11;

h. That the Plaintiffs be awarded all other relief as this Court or jury deems just and proper.

## JURY DEMAND

The Plaintiffs request a Jury Trial on all issues appropriate for the jury to hear.

Respectfully submitted, this 28th day of February, 2011.

/s/ *Thomas C. Wooldridge*
Thomas C. Wooldridge
Attorney for Plaintiffs
Georgia Bar No. 384108

Wooldridge & Jezek, LLP
1230 Peachtree Street, N.E.,
Suite 1900
Atlanta, GA 30309
Tel: 404-942-3302
Fax: 404-942-3301