IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CLARENCE BLAKELY and JERMAINE CLAYTON, | : : : | |
| Plaintiffs/Counter-Defendants, | : : | CIVIL ACTION NO. 1:11-cv-0609-AT |
| v. | : : | |
| TKB SWEEPING SERVICES, LLC, | : : | |
| Defendant/Counter-Claimant. | : | |

## **ORDER**

This Court conducted a hearing on Plaintiff's request for entry of judgment to enforce the parties' settlement agreement on May 15, 2012. Prior to the hearing, the Court permitted counsel for Defendant, Peter G. Golden, to withdraw as counsel of record for Defendant TKB Sweeping Services, LLC, but ordered Defendant to obtain new counsel as required by Local Rule 83.1(E)(2)(b)(I). (Doc. 19.) The Court further warned Defendant that the failure to be represented by counsel may result in default being entered against it. Defendant failed to obtain new counsel as ordered by the Court, filed no opposition to Plaintiff's request, and did not appear at the hearing. Therefore, Plaintiff's motion is deemed unopposed and Defendant is in default.

This Court approved the parties' settlement agreement on June 30, 2011, retaining jurisdiction over the matter to the extent necessary to enforce the terms of the agreement. (*See* Doc. 14, Doc. 16, Ex. A.)  The settlement agreement provides that Defendant would pay Plaintiffs a total of $15,000 in monthly installments as settlement for Plaintiffs' FLSA overtime wage claim.  Plaintiff submitted evidence that Defendant paid only the first $6,000, with the last payment occurring on October 24, 2011, and still owes Plaintiffs $9,000 in settlement payments.  In addition to the outstanding settlement funds, Plaintiffs seek their attorney's fees associated with bringing their request to enforce the settlement agreement and obtaining and enforcing the Judgment in the amount of $4,200.[1]  Accordingly, Plaintiffs request a total Judgment in the amount of $13,200.00.

In previously approving the parties' settlement agreement and at the hearing on Plaintiffs' motion to enforce the settlement agreement, the Court recognized there was a sufficient basis in the pleadings for the consent judgment. *See Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011) (quoting *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (stating that a grant of default judgment in favor of the plaintiff is warranted where there exists "a sufficient basis in the pleadings for the judgment entered."); *Adolph Coors Co. v. Movement Against Racism & The*

---

[1] Plaintiffs' counsel submits that he spent a total of ten (10) hours attempting to enforce the settlement agreement and provides a breakdown of those hours in the Notice of Unpaid Settlement Proceeds and Calculation of Judgment.  (*See* Doc. 23 at 3-4.)  Plaintiffs' counsel estimates that an additional four (4) hours of time will be necessary to obtain the Judgment and attempt to execute the Writ against the Defendant.  *Id.*  At $300.00 per hour, Plaintiffs seek a total of $4,200 in attorney's fees.

*Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (citation and internal punctuation omitted) (finding that the Court may award damages where "the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."). This Court has jurisidiction to enforce the terms of the parties' settlement agreement and enter an award of attorney's fees. *Disability Advocates & Counseling Group, Inc. v. E.M. Kendall Realty, Inc.*, 366 F. App'x 123, 125 (11th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-82 (1994); *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003); and *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320-21 (11th Cir. 2002)).

**WHEREFORE**, it appearing that Plaintiffs Clarence Blakely and Jermaine Clayton are entitled to judgment against Defendant TKB Sweeping Services, LLC, it is

**ORDERED and JUDGMENT** is granted in favor of Plaintiffs Clarence Blakely and Jermaine Clayton. Defendant TKB Sweeping Services, LLC, being in default under the terms of the Settlement Agreement, Local Rule 83.1(E)(2)(b)(I), and this Court's Order, is liable for Judgment in the amount of $13,200.00 plus additional post judgment interest continuing to accrue at the legal rate until this Judgment is paid in full.

It is **SO ORDERED** this 19th day of October, 2012.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**